UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DOUG LONGHINI,

      Plaintiff,

v.

INVERSIONES CARIBE,
L.L.C., and LUCY'S CAFE
RESTAURANT INC., D/B/A
LUCY'S CAFE,

      Defendants.
_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues INVERSIONES CARIBE, L.L.C., and LUCY'S CAFE RESTAURANT INC., D/B/A LUCY'S CAFE (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

1

4. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

5. At all times material, Defendant, INVERSIONES CARIBE, L.L.C, owned a commercial property at 4201 West 16th Avenue Hialeah, Florida 33012 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

6. At all times material, Defendant, INVERSIONES CARIBE, L.L.C., was and is a Florida Limited Liability Company organized under the laws of the State of Florida, with its principal place of business in Hialeah, Florida.

7. At all times material, Defendant, LUCY'S CAFE RESTAURANT INC., D/B/A LUCY'S CAFE, owned and operated a commercial restaurant 4201 West 16th Avenue, Hialeah, Florida 33012 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. Defendant, LUCY'S CAFE RESTAURANT INC., holds itself out to the public as "LUCY'S CAFE."

8. At all times material, Defendant, LUCY'S CAFE RESTAURANT INC., D/B/A LUCY'S CAFE, was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Hialeah, Florida.

9. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

10. Although over thirty (30) years have passed since the effective date of Title III of

the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business and property.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff uses a wheelchair to ambulate. Plaintiff, DOUG LONGHINI, has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

14. Defendant, INVERSIONES CARIBE, L.L.C., owns, operates, and oversees the Commercial Property, its general parking lot/or and parking spots specific to the business therein, exterior and interior paths of travel.

15. Defendants, INVERSIONES CARIBE, L.L.C., and LUCY'S CAFE RESTAURANT INC., D/B/A LUCY'S CAFE, own, operate and/or oversee a restaurant business within the Commercial Property located in Hialeah, Florida, that is the subject of this Action.

16. Mr. Longhini is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of

discrimination and repeated exposure to architectural barriers in violation of the ADA.

17. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Longhini is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

18. The subject Commercial Property is open to the public and is located in Hialeah, Miami-Dade County, Florida. The individual Plaintiff frequents the Commercial Property, including a visit on April 27, 2023, and continues patronage through the filing of this complaint. The Plaintiff has encountered multiple ADA violations that directly affected his ability to use and enjoy the Commercial Property. He often visits the Commercial Property and businesses located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately seventeen (17) miles from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property within two (2) months of the filing of this Complaint in order to avail himself of the goods and services offered at the places of public accommodation and check if it has been remediated of the ADA violations he encountered.

19. The Plaintiff found the Commercial Property, and the business located within the Commercial Property, to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and the business located within the Commercial Property, and wishes to continue his patronage and use of the commercial premise and business located therein.

20. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and the business located within the Commercial Property. The

barriers to access at the Commercial Property, and the business located within the Commercial Property, have each denied or diminished Plaintiff's ability to visit the Commercial Property, and the business located within the Commercial Property, and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

21. Defendants, INVERSIONES CARIBE, L.L.C., and LUCY'S CAFE RESTAURANT INC., D/B/A LUCY'S CAFE, own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, INVERSIONES CARIBE, L.L.C., and LUCY'S CAFE RESTAURANT INC., D/B/A LUCY'S CAFE are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, INVERSIONES CARIBE, L.L.C., and LUCY'S CAFE RESTAURANT INC., D/B/A LUCY'S CAFE, own and/or operate is the Commercial Property and/or business located at 4201 West 16th Avenue, Hialeah, Florida 33012.

22. Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property, and the business located therein, not only to avail himself of the goods and services available at the Commercial Property, and the business

located within the Commercial Property, but to assure himself that the Commercial Property, and the business located within the Commercial Property, are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

23. Defendant, INVERSIONES CARIBE, L.L.C., as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in Counts I and II.

24. Defendant, LUCY'S CAFE RESTAURANT INC., D/B/A LUCY'S CAFE, as a tenant, owner and/or operator of the business within the Commercial Property, is jointly and severally responsible and liable with Defendant, INVERSIONES CARIBE, L.L.C., for all ADA violations listed in Count II of this Complaint.

25. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and the business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I - ADA VIOLATIONS AS TO DEFENDANT, INVERSIONES CARIBE, L.L.C.**

26. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

27. Defendant, INVERSIONES CARIBE, L.L.C., has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking and Exterior Accessible Routes

6

i.  The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are not located on firm, stable and level slip-resistant surfaces. Violation: Accessible parking spaces are located on an excessive slope (>2%) violating Section 502 of the ADAAG and 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces and aisles are not located on firm, stable, and level slip-resistant surfaces. Violation: The accessible spaces and aisles are not located on firm, stable, and level slip-resistant surfaces, violating Section 502 of the ADAAG and 2010 ADAS, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

i.  The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There is no complaint route from transit, sidewalk, and parking areas for the Plaintiff to access the Commercial Property, violating Sections 4.1.2 and 4.3 of the ADAAG and Sections 402, 403, 405, and 406 of the 2010 ADAS, whose resolution is readily achievable.

ii. The Plaintiff had difficulty using curb ramps at the Commercial Property, as the slopes are excessive. Violation: The curb ramps contain excessive slopes of 12.1% (>8.33%) violating Section 406 of the ADAAG and ADAS, whose resolution is readily achievable.

**COUNT II - ADA VIOLATIONS AS TO DEFENDANTS, INVERSIONES CARIBE, L.L.C., and LUCY'S CAFE RESTAURANT INC., D/B/A LUCY'S CAFE**

28. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

29. Defendants, INVERSIONES CARIBE, L.L.C., and LUCY'S CAFE

RESTAURANT INC., D/B/A LUCY'S CAFE, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. <u>Access to Goods and Services</u>

i. The Plaintiff could not utilize the bar counter as it is mounted too high. Violation: The counters are greater than 36" in height, violating Section 7.2 (1) of the ADAAG, whose resolution is readily achievable.

B. <u>Public Restrooms</u>

i. The Plaintiff could not use the sink as it is mounted at a height that is >34". Violation: The sink is mounted at 35.5" (34" max), violating Section 4.24 of the ADAAG and Section 606 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the mirror as it is mounted at a height that is > 40" AFF. Violation: Plaintiff unable to use mirror due to bottom-reflecting surface 55" AFF (40" AFF maximum), violating section 603.3 of the 2010 ADAS and Section 4.19.6 of the ADAAG, whose resolution is readily achievable.

iii. The Plaintiff could not use the paper towel dispenser without assistance as its controls are mounted above 48". Violation: The paper towel dispenser is installed at 67.5" (48" AFF maximum), violating, Section 308 of the ADAAG and 2010 ADA Standards, whose resolution is readily achievable.

iv. The rear grab bar in the restroom at the Commercial Property is improperly mounted. The grab bar is not at a height that is between 33-36" AFF, creating hazardous

        conditions for Plaintiff. Violation: The grab bar is at 40" AFF high, violating Sections 604 and 609 of the ADAAG and ADAS, whose resolution is readily achievable.

    v.    Grab bars are shorter than the 36" required by law, endangering Plaintiff. Violation: Grab bars are 24", violating Sections 604 and 609 of the ADAAG and ADAS, whose resolution is readily achievable.

    vi.    The side grab bars in the restroom do not measure 54" from the rear wall, endangering Plaintiff. Violation: Grab bars are 50.5" from the rear wall, violating Sections 604 and 609 of the ADAAG and 2010 ADAS, whose resolution is readily achievable.

    vii.    The toilet paper dispenser is mounted at a height that is <12" above the grab bar, preventing use by Plaintiff. Violation: Toilet paper dispenser is mounted at 11" above the grab bar (12" minimum), violating Section 604.7 of the 2010 ADA Standards and Section 4.16.6 of the ADAAG, whose resolution is readily achievable.

    viii.    The toilet has a centerline that measures 21" from the sidewall, denying access to Plaintiff. Violation: Toilet has improper centerline 21" from sidewall (16" to 18"), violating Section 604.2 of the 2010 ADA Standards and Section 4.16.6 of the ADAAG, whose resolution is readily achievable.

    ix.    The toilet flush valve is not mounted on the wide side, denying access to Plaintiff. Violation: The flush valve is not mounted on the wide side, violating Section 604 ADAAG and 2010 ADA Standards, whose resolution is readily achievable.

### **RELIEF SOUGHT AND THE BASIS**

30. The discriminatory violations described in the Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating

the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the Commercial Business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

31. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' building, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

32. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facility, in violation of 42

U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

33. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

34. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their places of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all the areas of non-compliance with the Americans with Disabilities Act.

35. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if any Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by each Defendant.

36. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at and/or within the commercial property located at 4201 West 16th Avenue Hialeah, Florida 33012, the exterior areas, and the common exterior areas of the Commercial Property and business located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 9, 2024

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 553-3464
Facsimile: (855) 205-6904
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com; jacosta@lawgmp.com

By: __/s/_Anthony J. Perez_____
      ANTHONY J. PEREZ
      Florida Bar No.: 535451
      BEVERLY VIRUES
      Florida Bar No.: 123713